MADDOX, Justice
(concurring specially).
I concur in the result reached because it prohibits a suit against the city. I still believe that the dissent in Jackson, which said municipal immunity is a legislative matter, is better law. In fact, this case shows precisely why the Legislature, not the courts, is generally best suited to make policy changes and establish effective dates. For instance, the majority’s holding in Jackson makes the date of that decision the effective date. Jackson was allegedly injured by the same City of Florence, but at a later time than Loyd, but got his appeal here first. Had this case reached this Court first, presumably this Court would have reached the same result it reached in Jackson. In that event, under the Jackson rule of prospective application, Loyd would have been able to proceed, but Jackson would not. I recognize that the majority follows the Jackson rule of prospective application in denying Loyd’s action, but I do not believe that one plaintiff should be able to sue the City of Florence and another cannot. That is obvious unequal treatment. I think the dissent in Jackson is still the better rule and that any changes in the law in this area should be left to the Legislature.